# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LADARRA R. HARDIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-594-JAR |
| PAUL J. D'AGROSA, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of LaDarra R. Hardin for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

...

is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action for the violation of her constitutional rights against defendants Paul J. D'Agrosa (Municipal Judge, Olivette Municipal Court), Michael Sheehan (Attorney), and Phillip Ayers (Municipal Judge). Plaintiff's allegations arise out of a municipal court civil matter in Olivette, Missouri.  Plaintiff claims that defendant Sheehan "did not afford [her] proper representation," and defendants D'Agrosa and Ayers "acted outside [their] judicial function by disregarding the civil rights of [plaintiff]."   For relief, plaintiff seeks "to remove/reverse orders obtained

by unconstitutional methods, and to allow motions and petitions that were filed properly and in a timely manner to be heard by a non-bias[ed] entity."

## Discussion

Although plaintiff has failed to state the jurisdictional grounds for filing this action in Federal Court, the Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). The alleged actions of defendant Sheehan in providing legal representation for plaintiff in municipal court do not constitute action under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys, whether appointed or retained, who represented plaintiff in state court did not act under color of state law and were not subject to suit under § 1983); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of

3

state law). As such, the complaint is legally frivolous and will be dismissed as to defendant Michael Sheehan.

The complaint is also frivolous and fails to state a claim or cause of action as to Judges D'Agrosa and Ayers, because they are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Although plaintiff claims that Judges D'Agrosa and Ayers acted outside their jurisdiction as "trespasser[s] of the law," these claims are both conclusory and legally frivolous. For these reasons, the complaint is legally frivolous and will be dismissed as to defendants Paul D'Agrosa and Phillip Ayers.

Last, the Court notes that it lacks jurisdiction to "reverse orders" or to order the consideration of timely motions and petitions relative to the Olivette municipal court case involving plaintiff. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Federal Court review of state court decisions may be had only in the United States Supreme Court. *Id.* Thus, to the extent that plaintiff is challenging a state or municipal court judgment, her remedies, if any, lie not in federal district court, but rather, with the

Missouri state courts or the United States Supreme Court. For these reasons, the instant action will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of April, 2013.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**